IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Mitchell Tucker, #133786, | C. A. No. 2:10-1343-CMC-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Gregory Knowlin, Warden of Turbeville Correctional Institution, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on July 19, 2010. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, David Mitchell Tucker, is currently confined at the Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections pursuant to Order of commitment from the Clerk of Court for Cherokee County. Petitioner was indicted by the Cherokee Grand Jury during the December 19, 2002, term of the Court of General Sessions for Distribution of Oxycontin, third offense (2002-GS-11-968) and Distribution of Lortab (2002-GS-11-969). (App. 375-79). Petitioner was represented by Trent Pruett, Equire. (App. 1-374). On July 23 and 24, 2003, Petitioner proceeded to a trial by a

jury and was found guilty of all charges (App. 363). The Honorable J. Derham Cole, Circuit Court Judge, sentenced Petitioner to twelve (12) years concurrent confinement on each of the convictions. (App. 372-73).

The facts of the Petitioner's crimes as presented at trial are as follow.

On September 5, 2002, Petitioner sold seven Oxycontin tablets and four Lortab tablets to a law enforcement informant. (App. 114-20, 146-47, 156-59). The transaction was recorded by audio tape via a wire worn by the informant which was palyed for the jury. (App. 117-18, 122-23, 145-46). Petitioner was arrested immediately after the transaction. (App. 152-53, 159). At trial, SLED Agent Quincy Ford testified that he identified the drugs purchased by the informant as Oxycontin and Lortab. (App. 212-17).

The State also presented a statement made by Petitioner to Officer Willingham after he waived his rights in which he said, "On 9-4-02 I sold Mark Coleman seven Oxycontins and four Lortabs. I was then arrested by Special Agent Steve Reynolds of the Cherokee County sheriff's office. I am willing to cooperate with Special agent Reynolds and the Cherokee County sheriff's office in any way possible," (App. 165-166). Petitioner also told the buyer that he had prescriptions for Oxycontin and Lortab and showed him the bottles. (App. 180). At trial, Petitioner

2

identified the drugs as Oxycontin and Lortab and said he had been prescribed the drugs for back pain. (App. 278-280).

The jury reached its guilty verdict in less that an hour. (App. 362).

## Direct Appeal

Petitioner's trial counsel timely filed a Notice of Appeal on July 30, 2003. On Appeal, Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's direct appeal was perfected with the filing of a Final <u>Anders</u> Brief of Appellant. (Supp. App. 1-11). In the Final <u>Anders</u> Brief, counsel asserted the trial court erred in refusing to grant a directed verdict because the state failed to present any substantial evidence beyond a reasonable doubt that the suspected drugs were what they were purported to be. <u>Id.</u> Petitioner also filed a <u>pro se</u> Brief of Appellant in which he raised the same argument.

On December 7, 2004, the South Carolina Court of Appeals ordered additional briefing. Petitioner's counsel attached to the brief a petition to be relieved as counsel, stating that he had reviewed the record and concluded this appeal lacked merit. <u>Id.</u> Petitioner filed a separate <u>pro se</u> brief. <u>Id.</u>

After a review of the record pursuant to <u>Anders v. Calinfornia</u>, 386 U.S. 738 (1967) and <u>State v. Williams</u>, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals found the

3

following issue to be the only point of arguable merit in the appeal: "The admissibility of evidence identifying the drugs predicated upon the state's expert's reliance on the PDR, Physician's Desks Reference." (Supp. App. 12).

The State filed the Final Brief of Respondent on April 19, 2005. (Supp. 14-16). Petitioner's counsel filed a Final Reply Brief of Appellant on April 29, 2005. (Supp. App. 27-31). In an unpublished opinion filed December 9, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions the Court of Appeals pursuant to Rule 220(b)(2), SCACR and the following authorities: State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) (holding to preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court; an objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error, and if a party fails to properly object, the party is procedurally barred from raising the issue on appeal); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003)(noting "[a] party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground"); State v. Williams, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991)(finding an appellate court will not consider issues that are not raised to and ruled upon by the trial judge, and a defendant must object at this first

opportunity to preserve an issue for appellate review). (Supp. App. 33).

The Remittitur was issued on December 29, 2005.[1]

### PCR Action

Petitioner filed an Application of Post-Conviction Relief (APCR) on February 7, 2006, (2006-CP-11-0096, alleging prosecutorial misconduct, malicious prosecution, and ineffective assistance of counsel/conflict of interest. (App. 380-87). An evidentiary hearing was held in this matter on September 18, 2007, before the Honorable Roger L. Couch, Circuit Court Judge. (App. 394-407). Petitioner was present and was represented by Fletcher Smith, Esquire. Id.

On February 25, 2009, the PCR Court filed its Order of Dismissal. (App. 408-14). Judge Couch noted that at the PCR hearing, Counsel Pruett testified that Petitioner was charged with distribution of Oxycontin and Lortab. (App. 409). Pruitt said that he performed a thorough investigation of the case. Id. A week before trial, the State made a plea offer for a recommended two (2) year sentence which he discussed with the petitioner. Id.

---

[1] On March 13, 2006, the South Carolina Supreme Court issued an Order dismissing a notice of appeal regarding a Rule 60(b) motion filed by Petitioner in the South Carolina Court of Appeals. In the Order, the Supreme Court noted that the Court of Appeals did not have jurisdiction to act upon the motion because the remittitur was issued before the notice of appeal was filed.

5

The main issue in the trial was the drug analysis. (App. 409). The SLED chemist identified the drugs using a Physicians Desk Reference, which counsel argued was insufficient under Rule 6. Id. Counsel presented the PDR arguments in his directed verdict motion, which motion was denied. Id. Counsel stated that he did contemporaneously object when the drugs were entered into evidence, but not on the grounds of use of the PDR. Id. Petitioner testified that he did not recall discussing the plea negotiations. (App. 409).

In his order denying PCR, Judge Couch wrote:

> "Physician's Desk Reference ('PDR') has commonly been relied upon in courts. Bennett v. Madakasira, 824 So.2d 794, 805 (Miss. 2002); In re Horwitz, 881 P.2d 352, 354, nn. 1, 2 (Ariz. 1994); People v. Pegenau, 523 N.W.2d 325 (Mich. 1994); State v. Young, 406 S.E.2d 758 (W. Virg. 1991); State v. DiCarlo, 338 A.2d 809, 814 (N.J. 1975). (App. 411). 'The PDR is generally recognized as authoritative among physicians. Kollerman v. State Bd. Of Med. Exam'r, 416 N.W.2d 485 (Minn. App. 1987); see also State v. Brown, 658 P.2d 44 (Wash. Ct. Appeal 1983)(noting the following: 'A person of common intelligence could discover that Valium is diazepam or that diazepam by simply referring to the PDR, a well-known dictionary of drugs which is commonly found in reference to libraries, doctors' offices and pharmacies.' (App. 411).
>
> When addressing an objection to a physician being allowed to testify from PDR as a part of direct testimony, the Illinois Appellate Court noted as follows:
>
>> The Physicians Desk Reference is a scientific amalgam of pharmacological information for the physician who administers various drugs or chemical agents. It is a medical compilation of cats

6

> and recommendations, edited yearly, which is widely used and recognized by the practicing medical community. It is, in a word, a trustworthy text. We believe a vigorous cross-examination would cure any objection to a medical expert's reference to it when testifying.
>
> Alton v. Kitt, 431 N.E.2d 417 (Ill. App. Ct. 1982). (App. 411).
>
> Identification of a substance is an issue of fact to be decided by the jury. State v. Kellogg, 600 P.2d 787, 792 (Id. 1979). (App.411)."

The PCR Court found trial counsel's testimony to be credible and Petitioner's to be not credible. (App. 412). The PCR Court found that trial counsel was ineffective for failing to object to the admission of testimony regarding the identification of the drugs, but that Petitioner was not prejudiced by this omission. (App. 412). As an expert of drug analysis and identification, Agent Quincy Ford testified that the PDR is routinely used by his drug lab to identify drugs. (Tt. Pg. 214, ln. 11-13). (App. 412). He identified the pills using the special inscriptions and markings the pharmaceutical companies put on each pill by using the PDR. (Tt. Pg. 221, ln. 6-23). (App. 412). Though counsel did not object, courts have found the PDR is recognized as authoritative. (App. 412). Trial counsel vigorously cross-examined the agent regarding the lack of chemical analysis in the case. (Tt. Pg. 221, ln. 24 - Pg. 223, ln. 16). (App. 412). Identification of a substance is a question of fact for the jury. (Appl. 412). Trial counsel presented the same arguments to the

7

judge during his motion for directed verdict and those arguments were denied. (Tr. Pg. 224 ln. 15 - Pg. 227, ln. 10). (App. 412). Furthermore, Petitioner presented no arguments or evidence that, had counsel objected and this issue had been briefed on appeal, he would have prevailed and the outcome would have been different. (App. 412). In sum, the PCR Court found that Petitioner was not prejudiced by this omission. (App. 412-13).

Therefore, the PCR Court found that Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard as required by Strickland v. Washington; Cherry v. State. (App. 413). The PCR Court found that Petitioner cannot satisfy the Strickland test. (App. 413). The PCR Court found that Petitioner had not established any constitutional violations or deprivations that would require the PCR Court to grant his application. (App. 413). Therefore, the APCR was dismissed with prejudice. Id.

Petitioner timely filed a Notice of Appeal on March 10, 2009.[2] On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner

---

[2] In an Order filed by the South Carolina Court of Appeals filed March 16, 2009, the South Carolina Court of Appeals transferred the Notice of Appeal to the South Carolina Supreme Court.

perfected his appeal with the filing of a Petition for Writ of Certiorari. In the petition, Petitioner argued defense counsel was ineffective in failing to properly object to the introduction of the drugs into evidence. In a letter filed April 21, 2010, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. The Remittitur was issued on May 11, 2010.

The following exhibits have been made part of the record here.

    1. Appendix, The Honorable Roger L. Couch, Circuit Court Judge

    2. Supplemental Appendix, The Honorable Roger L. Couch, Circuit Court Judge

    3. Notice of Appeal

    4. Pro Se <u>Anders</u> Brief of Appellant

    5. Remittitur

    6. South Carolina Supreme Court Order

    7. Notice of Appeal

    8. South Carolina Court of Appeals Transfer Order

    9. Petition for Writ of Certiorari

    10. Return to Petition for Writ of Certiorari

    11. South Carolina Supreme Court Letter Order

    12. Remittitur

In the instant petition for Writ of Habeas Corpus, Petitioner raised a single ground for relief:

    **Ground One**: Ineffective Asst. of. Counsel

> Supporting Facts: Attorney was ineffective for
> failing to object to admissibility of experts
> analysis testimony using Physicains (sic) Desk
> Reference, which claimed he used letters numbers
> etc to Identify Prescription Drugs. P.D.
> References do not give Identifications for Generic
> Drugs and the jury did not witness these
> identifications, Eye by Eye, only went by expert
> testimony, and this was jurys decision.
> Motion was denied in lower court also.

The respondent provided the petitioner a copy of its summary judgment motion filed on July 19, 2010. On August 2, 2010, the petitioner was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner filed a response to the motion on August 26, 2010. Hence it appears consideration of the motion is appropriate.

## **APPLICABLE LAW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2009. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the
> adjudication of the claim-
>
> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application of,
> clearly established Federal law, as determined by
> the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>    (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, 28 U.S.C. § 2254(e)(1) states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. ... The touchstone for a reasonable determination is 'whether the determination is at least minimally consistent with the facts and circumstances of the case.'" Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.), cert. denied, 522 U.S. 819 (1997).

## DISCUSSION

A review of the record and relevant case law indicates that the petition is without merit and should be dismissed.

In his sole ground for relief, Petitioner contends that "Attorney was ineffective for failing to object to admissibility of experts analysis testimony using Physicians Desk Reference, which claimed he used letters numbers etc to Identify Prescription Drugs. P.D. References do not give Identification for Generic Drugs and the jury did not witness these

11

for Generic Drugs and the jury did not witness these identifications, Eye by Eye, only went by expert testimony, and this was jury's decision." (sic). PCR Judge Couch disagreed and found that Petitoner had not carried his burden to show that a reasonable probability existed that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1985).

First Judge Couch recited controlling federal law on ineffective assistance of counsel citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The United States Supreme Court in Strickland adopted a two-prong test for use in determining whether a petitioner received adequate assistance of counsel within the mandates of the Sixth Amendment. The first-prong of the test is competence. First, the defendant must show that counsel's performance was deficient. The second Strickland prong is prejudice: "The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).

Since the burden is on the petitioner to show both incompetence and sufficient prejudice, an inquiry into whether counsel's performance was deficient may begin with an inquiry of

either prong of the Strickland test. Strickland, 466 U.S. at 697.

Petitioner here simply fails to show that the PCR Court unreasonably applied federal law in addressing this claim and further Petitioner fails to show that the PCR Court made an unreasonable determination of the facts in addressing this claim. The PCR Court found that counsel was deficient in failing to object to the admission of the testimony regarding the identification of the drugs, but Petitioner was not prejudiced by this omission by counsel. (App. 412). The PCR Court noted that as an expert in drug analysis and identification, Agent Quincy Ford testified that the PDR was routinely used by his lab to identify drugs. Id. Using the PDR, he identified the pills by reference to the special inscriptions and markings the pharmaceutical companies put on each pill. Id. The PCR Court noted that courts have found the PDR is authoritative. Id. The PCR Court also found that trial counsel vigorously cross-examined the agent regarding the lack of chemical analysis. Id. The PCR Court pointed out that identification of a substance is a question of fact for the jury. Id. Counsel presented the same arguments to the judge during the motion for a directed verdict, and those arguments were denied. (App. 412).

Importantly, Judge Couch found Petitioner presented no arguments or evidence that he would have been successful on

appeal had the issue been properly preserved.[3] Id. Thus, Petitioner failed to carry his burden of establishing counsel was ineffective as required by Strickland and its progeny. (App. 413). In short, he is not being held in violation of the constitution.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Petition be denied and this matter ended.

Respectfully Submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 20, 2010

---

[3] In additions to the reasons cited by the PCR Court, Petitioner could not establish prejudice because the identification of the drugs was never truly an issue at Petitioner's trial. Petitioner testified that he was lawfully in possession of the drugs at the time of arrest. (See App. 262-63). He also acknowledged that the drugs presented at trial by the State were indeed Oxycontin and Lortab. (App. 280). He instead argued that he did not sell the drugs to the police informant. (App. 266-70). The informant who purchased the drugs testified about the purchase. (App. 114-21). The informant wore a wire, and an audio tape of the purchase was presented to the jury. (App. 117, 150-52, 158-59). In a written statement, Petitioner admitted that he sold the drugs to the informant, and he indicated that he was willing to cooperate with law enforcement in any way necessary. (App. 165-66). The jury took under an hour to convict. Petitioner cannot establish that the result at trial would have been different because there was overwhelming evidence of his guilt presented at trial which negates any claim that counsel's deficient performance could have reasonably changed the result of the trial.

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure** to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).